THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN O'BOYLE,

   Plaintiff,

v.              3:20-CV-531
               (JUDGE MARIANI)
THE CMI GROUP

   Defendant.

### ORDER

The background of this Order is as follows:

On April 1, 2020, Defendant The CMI Group removed the above-captioned action from the Court of Common Pleas of Lackawanna County (Doc. 1).

On October 27, 2020, this Court issued an Order noting the passing of Plaintiff's counsel, Joseph Sucec, on April 27, 2020. (Doc. 10). As a result of counsel's death, the Court stated:

> In the six-months since his counsel's passing, Plaintiff has not attempted to communicate with this Court in any way to ensure that his case will continue, the record does not reflect that any other attorney has entered an appearance on behalf of Plaintiff, and there is no address of record, either on the docket or in the documents filed, setting forth an address for Plaintiff. This Court is thus unable to ascertain the intentions of Plaintiff O'Boyle as to whether he wishes to proceed with the case, and if so, whether he has, or will, obtain new counsel, or intends to proceed *pro se*. Therefore, because Plaintiff's Complaint does not provide Brian O'Boyle's address and this Court has no means of providing notice to Plaintiff of the posture of this case, Defendant CMI Group will be directed to provide this Court with the address of Plaintiff O'Boyle to the extent that it has that information.

(*Id.*). Counsel for Defendant responded to the Court's Order, stating that it "has no information respecting Plaintiff's current address." (Doc. 11).

As of the date of this Order, no further documents have been filed of record. Two years have passed since the death of Plaintiff's counsel, and no counsel has entered an appearance on behalf of Mr. O'Boyle, nor has Mr. O'Boyle attempted to communicate with the Court in any way, including by filing documents of record, mailing documents to the Court, or telephonically contacting the Court to determine the status of his case. In light of the absence of any contact information for Mr. O'Boyle, the Court remains unable to communicate with Mr. O'Boyle.

Pursuant to Federal Rule of Civil Procedure 41, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994) (recognizing that a district court may *sua sponte* dismiss an action for failure to prosecute); *Iseley v. Bitner*, 216 F.App'x 252, 254-255 (3d Cir. 2007) ("A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962)). *See also, Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) ("[w]hile a District Court may dismiss a case sua sponte, . . . it should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.") (internal citation omitted).

Prior to dismissing an action for failure to prosecute, a Court generally must weigh the factors set forth by the Third Circuit in *Poulis v. State Farm Fire & Casualty Company*. Specifically,

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984). "Not all of these factors need be met for a district court to find dismissal is warranted." *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Instead, the "factors should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal . . . is reserved for the instances in which it is justly merited." *Poulis*, 747 F.2d at 870.

Here, the Court finds that the *Poulis* factors weigh in favor of dismissal of this action. As previously noted, Plaintiff's counsel passed away two years ago, and Plaintiff has not filed any documents of record since that time or otherwise attempted to communicate with the Court. Nor has another attorney entered an appearance on behalf of Plaintiff. This delay is highly prejudicial to the Defendant, in that Plaintiff's failure to communicate with the Court or file anything on the docket has caused this case to languish for over two years without the ability to move the case any closer to completion. Furthermore, the Court can only conclude that this conduct was "willful," in that it has lasted for an extended period of time, and no effort has been made by Plaintiff to contact the Court or to take any action to

advance this case. In addition, because the Court will dismiss this action without prejudice, and since the Court has no way to contact Plaintiff, alternative sanctions, such as monetary sanctions, would not be effective in this case. The Court finds that the sixth *Poulis* factor, meritoriousness of the claim, is neutral. Finally, although this Court recognizes that a "District Court should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders prior to dismissing a case *sua sponte*," *Briscoe*, 538 F.3d at 258, this Court is unable to do so. The record is devoid of any contact information for Plaintiff and the Court lacks any way to contact Plaintiff or means to provide him with notice of the posture of this case or an opportunity to explain why he has failed to take any action in this case for two years.

For these reasons, dismissal of this action without prejudice pursuant to Rule 41(b) is proper.

ACCORDINGLY, THIS \_\_\_28th\_\_\_ DAY OF APRIL, 2022, IT IS HEREBY ORDERED THAT:

1. The above-captioned action is **DISMISSED WITHOUT PREJUCIDE** for failure to prosecute this action.

2. The Clerk of Court is directed to **CLOSE** this action.

Robert D. Mariani
United States District Judge